# IN THE MATTER OF JOSEPH M. KADANS.

No. 8738

April 8, 1977                                        562 P.2d 490

[Rehearing denied May 12, 1977]

*Joseph M. Kadans,* in pro per, Las Vegas, for Petitioner.

*Samuel S. Lionel,* Las Vegas, for Nevada Board of Bar Examiners.

## OPINION

*Per Curiam:*

Petitioner Kadans seeks a waiver of SCR 51(4) contending that, while he does not have a law degree from an A.B.A. accredited school, he should nevertheless be permitted to sit for the Nevada Bar Examination because he is admitted to practice law in other jurisdictions, is a nationally recognized

author and lecturer on law, and has an otherwise exceptionally meritorious legal background.[1] We disagree. Because petitioner has unsuccessfully challenged our bar application requirements on three separate occasions in the United States Supreme Court, we here endeavor to set forth all relevant facts concerning this matter in order that it may be finally settled.

On April 7, 1976, Mr. Kadans petitioned for a waiver of SCR 51(4). On April 19, 1976, we directed the State Board of Bar Examiners to undertake a full inquiry and report concerning petitioner's personal and academic background. The Board's report reflects that it conducted hearings, and that petitioner represented himself, presented witnesses, and offered exhibits for the Board's consideration. While the Board's report indicates petitioner may be academically prepared for the practice of law, at least marginally, it suggests that petitioner may not be morally suited to the practice of law, alluding to circumstances surrounding petitioner's operation of the "Church of Universology, Inc." and "Bernadean University," and to his published claims with respect to his academic credentials. The Board contends that SCR 51(4) does not operate unfairly as to petitioner, and recommends that he not be permitted to sit for the Nevada Bar Examination.

1. Petitioner's operation of Bernadean University does, indeed, manifest a moral orientation that would be unacceptable in a legal practitioner.

The catalog for Bernadean University describes the school as a four-year senior university consisting of seven different colleges. It further describes the examinations, textbooks, classes, and advanced degree work available. Other brochures disseminated by petitioner describe the University as one including colleges of Health Sciences, Liberal Arts, Fine Arts, Law, Theology, Agriculture, and Police Sciences, and offering such diverse courses as church management, firearms, polygraph procedures, herbology, reflexology (foot massage techniques), dance therapy, acupuncture, traffic control, preparation of sermons, evidence, organic food growing, and police administration.

---

[1]Supreme Court Rule 51(4) provides in pertinent part:

"An applicant for examination for a license to practice as an attorney and counselor at law in this state shall:

". . .

"4. Have received a degree of bachelor of laws, or an equivalent law degree, from a law school approved by the committee on legal education and admissions to the bar of the American Bar Association, and shall present evidence of the same. . . ."

The University is, in fact, located in a small Las Vegas office; there are no classrooms or separate colleges. The "classes" are all offered through correspondence courses mailed to the students. Exams are open book and submitted at the students' leisure. The extensive curriculum is "taught" and administered by petitioner and four "faculty members"; petitioner serves as Dean of Students, President of the University, and handles all affairs of the school; the four "faculty members" merely assist in grading student papers. The highest degree held by any of the "faculty members" is a high school diploma. It is clear to us that the University and petitioner are one and the same, and that the faculty, in fact, performs only administrative tasks. In addition, most texts used in the many diverse courses are prepared by petitioner by compiling materials from available sources and publishing them on copy machines. Petitioner claims he is qualified to author the texts because, as a lawyer, he has the necessary skills to master nearly any subject matter by obtaining sufficient available material and studying it.

On May 9, 1975, petitioner applied for a license to operate a private school, college, or university. The Nevada Commission on Postsecondary Institutional Authorization denied his application because, they concluded, the quality of instruction, school facilities, personnel, and financial stability were inadequate and, further, advertising by the University misrepresented the size of the institution, faculty, and instructional program.

In light of the foregoing, we agree with the Board's conclusion that petitioner's operation of the dubious Bernadean University and his misrepresentations concerning the nature of the University cast serious doubt upon petitioner's moral suitability to practice law in this state.

2. Petitioner's misleading claims regarding his academic credentials also manifest his moral unsuitability to practice law in this state. He professes to have earned degrees as Doctor of Philosophy, Doctor of Naturopathy, and Doctor of Theology while attending three separate universities. His Doctor of Philosophy degree was awarded by the International University in New Delhi, India, for writing a course on herbal studies. Petitioner utilizes this alleged degree to promote the sale of his book concerning the therapeutic properties of herbs, fruits, vegetables, nuts, and seeds.[2] Petitioner obtained his Doctor of Naturopathy degree from an affiliate of Bernadean

---

[2] J. M. Kadans, Ph.D., Encylopedia of Fruits, Vegetables, Nuts and Seeds for Healthful Living (1973).

University for submitting a written course on herbs. Again, petitioner uses this degree to promote the sale of his book concerning the use of herbs.[3] Petitioner's Doctor of Theology degree was awarded by Berean Christian College in Kansas, evidently in exchange for a degree from his own Bernadean University to the President of Berean Christian College. The record is barren of any proof which indicates Mr. Kadans ever attended or took any courses from any of these schools, yet he represents that he earned doctoral degrees from each of them.

Petitioner also claims to have served on the faculty of four universities, including the law faculty of Loyola University of Los Angeles. While it is true that he taught one summer course at Loyola, it should be noted that the Dean of the Law School stated that petitioner had been hired as a "lecturer" at a time when the University was in a turmoil and the customary background investigation had not been conducted with respect to petitioner's qualifications. The Dean further stated that forty out of the fifty students enrolled in Mr. Kadans' course had expressed serious dissatisfaction with Mr. Kadans' teaching techniques and twenty students withdrew and the school had to refund their tuition. The Dean observed the course and concluded Mr. Kadans was not academically qualified to teach the course and stated he would strongly resist Mr. Kadans' appointment to any faculty of which he was a member. Petitioner has totally failed to offer any evidence either to the Board or this court substantiating his claim that he served on the faculty of other universities.

Petitioner further claims to have written and published numerous law books. However, none of those books has ever been published by a commercial law book company, but instead, are xerox copies "published" by the Bernadean University Press in Las Vegas. We have reviewed petitioner's published law books and find them to be without value as legal material. They appear, instead, to be an incomplete compilation of materials from texts written by other authors.

In addition to the foregoing, we also express concern over petitioner's use of stationery suggesting that he is licensed to practice law in Nevada, when in fact he is not; stationery indicating that he maintained an office in Washington, D.C., when in fact he did not; and business cards stating that he was a Professor of Law at Loyola University, when in fact he was only a lecturer.

---

[3] J. M. Kadans; N.D., Ph.D., Modern Encylopedia of Herbs with the Herbs-o-Matic Locator Index (1970).

In 1943, petitioner received a law degree from the Eastern College of Commerce and Law (an unaccredited law school);[4] he has been admitted to practice and has apparently practiced without distinction elsewhere; and he has convinced certain members of our Bar that he possesses basic legal research and briefing skills. At best, those facts establish only marginal academic credentials for the practice of law, while petitioner's business ethics are not remotely acceptable. The Board's conclusion that SCR 51(4) does not operate unfairly as to petitioner is fully supported by the evidence, and we therefore deny his petition for waiver of that rule. We also deny petitioner's Motion for Order to Show Cause why he should not be admitted to the Nevada Bar without sitting for our Bar Examination.

---

[4]According to petitioner, at some point in time he couldn't state with clarity, a successor institution, provisionally accredited in 1972, issued him another diploma without requiring further study.